**2013 UT App 149**

## THE UTAH COURT OF APPEALS

RANDALL J. TOLBERT,
Plaintiff,
*v.*
DAVID KELLY AND JUDY KELLY,
Defendants,

DAVID KELLY AND JUDY KELLY,
Counterclaim Plaintiffs and Appellants,
*v.*
KAY E. TOLBERT,
Counterclaim Defendant and Appellee.

Per Curiam Decision
No. 20120777-CA
Filed June 13, 2013

Sixth District, Manti Department
The Honorable Wallace A. Lee
No. 030600303

Douglas T. Hall, Attorney for Appellants
Douglas L. Stowell, Attorney for Appellee

Before JUDGES DAVIS, THORNE, and VOROS.

PER CURIAM:

¶1     David and Judy Kelly appeal the trial court's order dismissing their claim against Kay E. Tolbert pursuant to a settlement agreement entered into in October 2008. We affirm.

¶2     The Kellys argue that there was no meeting of the minds regarding the dismissal of their claim against Mrs. Tolbert because she did not attend the mediation at which the settlement was

reached. They contend that, as a result, the agreement did not apply to their claim against Mrs. Tolbert and that the trial court erred in determining that the claim was within the scope of the agreement.

¶3     Settlement agreements are governed by the same principles that apply to general contract actions. *LD III, LLC v. BBRD, LC*, 2009 UT App 301, ¶ 14, 221 P.3d 867. An essential component of the formation of an agreement is a meeting of the minds regarding the integral terms. *Id.* Whether the parties had a meeting of the minds sufficient to create a binding contract is an issue of fact which appellate courts review for clear error. *Id.* ¶ 13. Where the language of an agreement is unambiguous, the agreement may be interpreted as a matter of law. *Green River Canal Co. v. Thayn*, 2003 UT 50, ¶ 17, 84 P.3d 1134.

¶4     The Kellys assert that there was no agreement with Mrs. Tolbert because she was not present at the mediation. Even if there was no agreement with Mrs. Tolbert specifically, the settlement agreement between Randall J. Tolbert and the Kellys included a broad release of all claims in the underlying case without reservation. The agreement stated that the parties "agree to dismiss, with prejudice, all claims arising under . . . Case No. 030600303." Additionally, the agreement emphasized that it was "intended to resolve all claims relating to the legal proceedings."

¶5     The Kellys fail to show that there was no meeting of the minds between the parties to the settlement agreement—Mr. Tolbert and the Kellys. The language of the agreement is unambiguous as to the dismissal of all claims. The Kellys undertake no analysis of the language of the agreement to show otherwise. The claim against Mrs. Tolbert is certainly a claim "arising under" the case below. The assertion that there is no agreement with Mrs. Tolbert is simply irrelevant to the agreement actually made given the broad scope of the release.

¶6      On appeal, the burden of persuasion falls squarely on an appellant, here the Kellys. *See State v. Robison*, 2006 UT 65, ¶ 21, 147 P.3d 448. They have not carried this burden.

¶7      Affirmed.

————